### Chase Fowler v. Charles H. Robinson.

1. SETTLEMENTS—*When Conclusive upon the Parties.*—Where parties have a running account between them, and a settlement is fairly made, at which all the items entering into it are fully considered by both the parties, so far as the items of the account named therein are concerned, both parties are concluded by the settlement.

Assumpsit, upon a running account, etc. Appeal from the County Court of La Salle County; the Hon. H. W. JOHNSON, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed October 8, 1901.

BREWER & STRAWN, attorneys for appellant.

Fowler v. Robinson.

H. M. Kelly, attorney for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was an action of assumpsit brought by appellee against appellant to recover the balance claimed to be due on a running account and also a certain amount claimed by appellee to be due him, by agreement between him and appellant, upon the surrender of a contract for the purchase of certain real estate. There was a verdict and judgment in favor of appellee for $758.62. Appellant seeks to reverse this judgment, the main ground relied upon by him being that it is not sustained by the evidence. It appears from the proofs that there has been a running account between the parties, extending something over a year, when, on December 8, 1899, appellee presented to appellant an itemized bill of his account for settlement. Afterward appellant presented his counter-claim to appellee, and on January 15, 1900, the parties met and balanced their accounts. The statements made by the parties to each other were introduced in evidence by appellee and bore the following indorsement: "Jany. 15, 1900.   Bal. due C. F. 78.38." This indorsement seems to have been made at the time by the consent of both parties, and the meaning of it is shown by the testimony to have been that there was then a balance of $78.38 shown by the accounts to be due to appellant from appellee. It also appears from the evidence that on April 17, 1899, appellant and his wife had made an agreement in writing to convey to appellee certain real estate in Ottawa, Illinois, for which the latter was then to pay $650 and assume a mortgage for $2,100; that appellee was to pay $326 of the amount agreed upon, on May 1, 1899, and the balance in one year from that time; that afterward appellee surrendered the contract to appellant and the same was canceled. Appellee claims that he had placed certain improvements upon the premises and that appellant agreed to pay him $400 as a consideration for the surrender of the contract, and this amount constitutes part of the claim for which he brings this suit. Appellant, however, denies

that he made any promise to pay said amount for the surrender of the contract, but says that he promised to pay appellee whatever amount the property would bring in excess of the mortgage indebtedness when he should sell it, and that it is not yet sold.

The evidence in support of the claim of appellee upon this question was by no means conclusive in his favor but rather tended to corroborate the claim of appellant that for the surrender of the contract, he was only to give appellee the excess over the indebtedness when the property should be sold.

It appears from the evidence the settlement of January 15, 1900, was fairly made, and that all the items entering into it were fully considered by both parties. We are of opinion, therefore, that so far as the items named therein are concerned, the parties are concluded. Appellee, however, claims that he had certain items of account against appellant, which by mistake he neglected to bring forward at the time of the settlement. These items are included in the bill of particulars and amendment thereto, filed in this case. The items for which he now claims and which were not included in the original account, upon which the settlement was based, amount to $369.49. These additional items, so near as we can determine from the confusing evidence, include charges amounting to $83.02, concerning which there is no proof at all. There is also an item of $100 cash, claimed by appellee to have been paid to appellant on January 6, 1899, which the preponderance of the evidence conclusively shows to be an error. The proof as to a number of other items also, is very imperfect and unsatisfactory. If, however, the two sums last named, amounting to $183.02, be deducted from the total of the new items, amounting to $369.49, as above stated, there will be a balance left of $186.47. Deducting from this amount $78.38, shown to have been the balance due appellant upon the items included in the settlement, and there remains the sum of $108.09. Even if the proof showed clearly, which it does not, that appellee was entitled to the $400 for the sur-

render of the real estate contract, that amount added to the balance last above named, would only make $508.09. The verdict of the jury, however, was for $758.62, and was therefore, according to our understanding of the evidence, erroneous.

Appellant also complains that instruction No. 15, offered by him, was refused by the court. That instruction was as follows:

" The jury are instructed that the contract offered in evidence in this case was binding between the parties until surrendered by the plaintiff to J. H. Fowler, as shown by the evidence. It is contended by the plaintiff that he surrendered said contract to J. H. Fowler, as the agent of defendant, upon an agreement made with J. H. Fowler that the defendant should receive the property mentioned in the contract back, and pay plaintiff $400. This alleged agreement is denied by the defendant. Upon this branch of the case the court instructs the jury that the burden of proof is upon the plaintiff to establish such alleged agreement by a preponderance of the evidence, and if upon this point the jury believe from all the evidence that the evidence is evenly balanced or preponderates in favor of the defendant, then the jury should find for the defendant upon that point."

Appellee says that this instruction is vicious because it singles out particular evidence in the case. The objection, however, is not well taken. There were two branches to the case, one founded on a running account between the parties and the other upon the alleged promise to pay $400 for the surrender of the real estate contract. The effect of the instruction in question was simply to inform the jury as to the law governing the burden of proof in reference to the question involved in the latter branch, and as there was no other instruction fully covering this question, it was entirely proper and should have been given.

For the reasons above given the judgment of the court below will be reversed and the cause remanded.